**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REGINA MARIE PANGERL, individually
and on behalf of Tiffany Pangerl,

Plaintiff-Appellant,

v.

PEORIA UNIFIED SCHOOL DISTRICT,

Defendant-Appellee.

No.    17-15985

D.C. No. 2:14-cv-00836-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted June 12, 2019
San Francisco, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and RAKOFF,[**] District
Judge.

T.P. received special education services as student in the Peoria Unified

School District (the "District").  T.P.'s mother, Regina Pangerl, individually and

on T.P.'s behalf, appeals from the district court's decision affirming the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

determination of an Administrative Law Judge ("ALJ") that the District did not deny T.P. a free appropriate public education ("FAPE") under the Individuals with Disabilities Act ("IDEA"). We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's factual findings for clear error and its legal conclusions, including whether an individualized education plan ("IEP") provides a FAPE, de novo. *Doug C. v. Haw. Dep't of Educ.*, 720 F.3d 1038, 1042 (9th Cir. 2012).[1] We affirm.

1. The district court properly concluded that the District did not seriously infringe T.P.'s parents' opportunity to participate in the IEP's creation when it continued the November 29, 2012 IEP meeting for 20 minutes after T.P.'s parents left. Procedural inadequacies constitute a denial of FAPE only if they "result in the loss of educational opportunity or seriously infringe parent's opportunity to participate in the IEP formulation process." *Id.* at 1043 (finding a denial of FAPE where the school refused to reschedule an IEP meeting to accommodate an ill parent and completed the IEP entirely without parental input). T.P.'s parents participated in the IEP meeting, with two parental advocates, for over two hours. One of the two advocates announced plans to leave the meeting after two hours due to a personal conflict, but the parents never suggested that they themselves had

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

any conflict that would prevent them from staying. The District's representatives stated clearly that they planned to continue the meeting to finish an IEP that day to ensure that a new IEP was in place before the current IEP expired. Parents' advocates acknowledged that they understood that the District planned to complete the IEP that day. The District continued the meeting for 20 minutes after parents left to finish the IEP, and then reconvened with parents later to make changes to the IEP with parents' participation.

As parents participated in the vast majority of the meeting and then chose to depart, with the knowledge that the District would continue to finish the IEP and without expressing any reason why they could not stay, the continuation of the meeting for 20 additional minutes did not constitute a serious infringement of their right to participate.

2. The district court properly concluded that the District did not deny T.P. a FAPE by denying her extended school year ("ESY") services in summer 2013. Under the IDEA, schools are required to provide ESY services only if the child's IEP team determines that the services are necessary for a FAPE. *N.B. v. Hellgate Elementary Sch. Dist., ex rel. Bd. of Directors, Missoula Cty., Mont.*, 541 F.3d 1202, 1211 (9th Cir. 2008). "A claimant seeking an ESY must satisfy an even stricter test, because providing an ESY is the exception and not the rule under the regulatory scheme." *Id*. Appellants argue that denial of ESY was a denial of a

FAPE because the IEP team made the decision after parents left the November 2012 meeting, but, as discussed above, this is a procedural violation that did not significantly infringe on parents' participation, and appellants have failed to show that any procedural violation resulted in a loss of an educational opportunity, given that they have not shown that ESY services were warranted.

3. The district court properly concluded that the ALJ's late issuance of his decision, in violation of the IDEA's requirement that a final decision be issued within 75 days of the filing of a complaint, did not deny T.P. a FAPE. While the decision was concededly late, this is a procedural error, and, as appellants presented no evidence that it resulted in the loss of any educational opportunity, it is not a denial of a FAPE. *See Doug C.*, 720 F.3d at 1043.

4. The district court properly concluded that T.P. was not denied a FAPE by the transition plans created as a part of her IEP. The ALJ reasonably found that, while the transition plans were vague, their vagueness was primarily the result of T.P.'s own lack of readiness to make more specific decisions at that time and that the "IEPs were individualized to Student's generally stated preferences and interests at the time." Accordingly, at the time that they were drafted, the transition plans were reasonably calculated to enable T.P. to make appropriate progress in the light of her specific circumstances. *See Endrew F. v. Douglas Cty. Sch. Dist., RE-1*, 137 S. Ct. 988, 1001 (2017) (holding that "[t]he adequacy of a

given IEP turns on the unique circumstances of the child for whom it was created").

5. The district court properly concluded that the District's provision of speech and language services did not deny T.P. a FAPE. The District discontinued speech therapy services required by the IEP at parents' request when T.P. objected to the specific speech therapists provided. The ALJ found, and the district court concurred, that the therapists provided were professional and adequate, a finding is supported by facts in the record. The IDEA provides no entitlement to parents' choice of service providers. *See, e.g.*, *A.B. v. Lawson*, 354 F.3d 315, 330 (4th Cir. 2004) ("The issue is not whether the [parents' program or preferred provider] is better, or even appropriate, but whether [the district] has offered an appropriate program for the child…"). Accordingly, the District did not deny T.P. a FAPE by failing to give additional choices for providers when adequate providers were available.

6. The district court properly concluded that 40 hours of math instruction was adequate compensation for a lapse in the provision of math instruction to T.P. as provided for in the IEP. There is no obligation under the IDEA to provide day-for day compensation for time missed; instead, appropriate relief may be determined based on a fact-specific assessment. *See Parents of Student W. v. Puyallup Sch. Dist.*, No. 3, 31 F.3d 1489, 1497 (9th Cir. 1994). The ALJ

17-15985

reasonably determined that 40 hours of one-on-one instruction was appropriate compensation based on the testimony of two different expert witnesses.

**AFFIRMED.**

***Regina Pangerl v. Peoria Unified Sch. Dist.***, No. 17-15985

Schroeder, Circuit Judge, concurring:

I do not agree with my colleagues insofar as they suggest there was no error in the District's continuing the IEP meeting after the parents and their advocates had to leave. The IEP was not complete at that time, and the District knew the parents did not want the IEP completed in their absence. The majority attempts to minimize the effect of the absence by stressing that the rump meeting lasted only 20 minutes. The error, however, was in going forward without the parents' input. *See Doug C. v. Hawaii Dept. of Educ.*, 720 F.3d 1038, 1045 (9th Cir. 2013). Doubtless had the parents been present while the important remaining subjects were discussed, completion of the IEP would have taken longer.

I nevertheless agree with the result, because there was much accomplished while the parents were present, and there were follow-up meetings the parents did attend. I therefore cannot conclude on the basis of this record that the procedural error led to a serious violation of parental participation or a loss of educational opportunity that resulted in the denial of a FAPE. *See id.* at 1047 (citing *Shapiro v. Paradise Valley Unified Sch. Dist.*, 317 F.3d 1972, 1079 (9th Cir. 2003)).